STATE OF MISSOURI )
                   ) SS
CITY OF ST. LOUIS )


FILED
APR 10 2013
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____ DEPUTY

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
(City of St. Louis)

FRANCINE DeROSA and )
RUSSELL DeROSA, )
                   )
    Plaintiffs, )
                   ) Cause No. 1222-CC09572
vs. )
                   ) Division No. 2
BRISTOL WEST INSURANCE )
COMPANY and TIMOTHY THARP, )
                   )
    Defendants. )

## ORDER

This matter comes before the Court on defendant Timothy Tharp's Motion to Dismiss. The Court now rules as follows.

Plaintiffs brought the present action against their uninsured motorist (UM) insurance carrier, Bristol West Insurance Company (BWIC), for failure to pay damages sustained by plaintiff Francine DeRosa for injuries she sustained in a motor vehicle accident. Plaintiffs allege that Mrs. DeRosa incurred damages of more than $263,283.28 but was offered only $11,000.00 by BWIC on a UM policy with $100,000.00 limits.[1] Counts I and II against BWIC allege vexatious refusal to fully pay the damages owed to Plaintiffs under the policy. Counts III and IV consist of claims against Tharp, a captive agent of BWIC, through whom Plaintiffs purchased the UM policy at issue.

Briefly, Plaintiffs allege that Tharp sold them a UM policy with limits of $100,000.00 per person and that the insurance was

---

[1] Counts II and IV comprise derivative claims brought by Mr. DeRosa, Francine DeRosa's husband, for loss of consortium.

in force at the time of the accident Further, Plaintiffs allege, Tharp "expressly and impliedly represented" to them that the policy would provide coverage with a limit of $100,000.00 per person and that claims would be handled reasonably, in a timely manner, and in good faith, when in fact Tharp "knew or should have known" that BWIC would not process or pay claims as he had represented. By so doing, Plaintiffs allege, Tharp failed to obtain the insurance that he represented to have obtained for them. However, there is no allegation that Tharp did not procure a UM policy with the requested limits, only the assertion that he misrepresented that in the event a UM claim were made, it would be properly handled and paid.

Tharp contends that Counts III and IV fail to state a recognized cause of action against an insurance agent.[2] Specifically, Tharp states that there is no breach of duty because he fulfilled his duty of obtaining the insurance coverage requested and suggests that Plaintiffs' theory would impose agent liability for breach of a contract that the agent merely procured.

A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. The Court assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. Bosch v. St. Louis Healthcare Network, 41 S.W.3d 462, 464 (Mo.banc

---

[2] Tharp's motion, like his earlier motion directed at the original petition, consists of a conclusory statement that Counts III and IV fail to state a cause of action. While Rule 55.27, unlike the summary judgment rules, does not require the movant to file a memorandum of law to accompany a motion, the Court believes the better practice is to at least set forth in the motion the general legal basis for the movant's assertion that the petition fails to state a cause of action.

2001). No attempt is made to weigh any facts as to whether they are credible or persuasive. Instead, the petition is reviewed to see whether the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. Id. A pleading is judged by its subject matter and not its caption. Worley v. Worley, 19 S.W.3d 127 (Mo. 2000).

To support a negligence action, a plaintiff must establish that defendant had a duty to plaintiff, that defendant breached that duty, and that the breach proximately caused plaintiff's injury. Hecker v. Missouri Property Ins. Placement Facility, 891 S.W.2d 813, 816 (Mo. 1995). The duty to procure insurance rests with an agent when the agent undertakes to procure that insurance for a party with a view to earning a commission, and becomes that party's agent. Id. at 816. An agent who undertakes to procure insurance but fails to do so, has a duty to notify the party in a timely manner. Id. The agency relationship and corresponding duty is not continuing and ceases upon execution and delivery of the policy to the insured. Id.

The amended petition alleges that Tharp undertook to procure UM insurance for Plaintiffs and in fact did so. There is no allegation that the coverage Plaintiffs received was not what they had requested. By the time the accident occurred and the alleged mishandling of the UM claim took place, Tharp's agency relationship and duty to procure had ceased. Counts III and IV therefore do not state a cause of action for negligent breach of the duty to procure insurance.

3

Further, the amended petition fails to state a cause of action based on alleged negligent misrepresentations. To state a claim for negligent misrepresentation, a plaintiff must plead facts showing that (1) the speaker supplied information in the course of his business; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating the information, the representation was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) as a result the hearer suffered a pecuniary loss. Stein v. Novus Equities Co., 284 S.W.3d 597, 602-03 (Mo.App. E.D. 2009).

If Plaintiffs are asserting negligence on the basis of an alleged misrepresentation, they have failed to allege a false statement, a particular business transaction, or a pecuniary loss. At the time Tharp obtained and Plaintiffs purchased the policy, no UM claim had been made, nor was it clear that any such claim would be made during the policy period; therefore, there was no statement regarding claims handling that was false at the time. Nor do Plaintiffs allege that Tharp should have represented that BWIC routinely acts in bad faith with respect to claims. Moreover, the insurance contract itself, not the agent, sets forth the terms of coverage. Assuming for the purpose of the motion that BWIC acted in bad faith in its handling and attempted settlement of the claim, the agent's duty to procure the policy sued upon does not extend beyond the purchase of the

4

requested coverage to include a duty to enforce that policy on behalf of the insured. Accordingly, Counts III and IV of the amended petition fail to state a cause of action against Tharp.

ORDER

WHEREFORE, IT IS ORDERED that defendant Timothy Tharp's Motion to Dismiss is hereby granted as follows: Counts III and IV are hereby dismissed for failure to state a cause of action against this defendant.

SO ORDERED:

*David Dowd*
David L. Dowd, Judge

Dated: *April 10*, 2013

cc: Mark T. McCloskey, Attorney for Plaintiffs
James A. Bingley, Attorney for Defendants